## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **BRADLEY HEXT, SHALACE HEXT,** personally and on behalf of their minor child, **HAYZ HEXT** | **CASE NO.: 21-3093** |
| **VERSUS** | **JUDGE:** |
| **CITY OF DEQUINCY, CHIEF CASEY WHITEHEAD, SAM KAYAL, LOY BADER, JEREMY BRADY, and ABC INSURANCE COMPANY** | **MAGISTRATE JUDGE:** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes the plaintiffs, Bradley Hext and Shalace Hext, persons of majority and domiciled in Beauregard Parish, both personally and on behalf of their minor child, Hayz Hext, file this Complaint based on the defendants' deprivation of Plaintiffs' constitutional right and infliction of injury related to the events of August 31, 2020 as described in more detail herein.

## JURISDICTION & VENUE

1.

This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory and constitutional provisions. In addition, Plaintiffs invoke supplemental jurisdiction over claims under state constitutional and statutory law pursuant to 28 U.S.C. §1367.

2.

Venue is proper with this Court as the Parish of Calcasieu is the parish were all factual events took place and where the defendant, City of DeQuincy, is situated and the individual defendants are domiciled based upon information and belief. Furthermore, Plaintiffs are domiciled in the Parish of Beauregard.

**PARTIES**

3.

Named plaintiffs herein are

(A) **Bradley Hext** is a person of full age of majority and a resident of Singer, Louisiana in the Parish of Beauregard.

(B) **Shalace Hext** is a person of full age of majority and a resident of Singer, Louisiana in the Parish of Beauregard.

(C) **Hayz Hext** is the minor child of Bradley and Shalace Hext, residing in Singer, Louisiana in the Parish of Beauregard, and appears through his father and natural tutor, Bradley Hext.

4.

Named defendants herein are:

(A) **City of DeQuincy ("City")**, political entity capable of suing and being sued, and a local governmental subdivision of the State of Louisiana which operates under a home rule charter and, subject to said charter, is authorized as hereinafter provided to exercise any power and perform any function necessary, requisite or proper, for management of its local affairs pursuant to its Home Rule Charter and Code of Ordinances.

(B) **Chief Casey Whitehead ("Chief Whitehead")**, a person of full age of majority and a resident of Louisiana, in his individual and official capacity as the Chief of Police for the DeQuincy Police Department ("DPD"), a department of the City pursuant to Section 4-06 of the City of DeQuincy's Home Rule Charter. As Chief of Police, Chief Whitehead serves as the head of the police department. Accordingly, and at all times described herein, Chief Whitehead was the ultimate policy-maker for DPD, and was responsible for the hiring, training, supervision, discipline and control of appropriate staff to maintain the peace, order, and protection of the City's residents. He was responsible for all uniform patrol staffing levels. He was also responsible for the supervision, administration, policies, practices, customs, and operations of DPD and its officers. Chief Whitehead was and is a final policy maker and at all pertinent times acting under color of law. He is liable both directly for the unconstitutional actions and vicariously for the state law actions complained of herein.

(C) **Sam Kayal**, a person of full age of majority and a resident of Louisiana, in his individual and official capacity as a Peace officer for the DeQuincy Police Department. Officer Kayal entered the dwelling of the Hexts' without probable cause or permission, while creating and escalating a situation that would have remainder otherwise civil and peaceful. Officer Kayal abused his police authority by exercising improper police tactics by means of excessive force and falsely arrested Bradley Hext after a traumatic and physical altercation created by the officer. Officer Kayal is liable for his unconstitutional actions.

(D) **Loy Bader**, a person of full age of majority and a resident of Louisiana, in his individual and official capacity as a Peace officer for the DeQuincy Police

3

Department. Officer Bader entered the dwelling of the Hexts' without probable cause or permission, while creating and escalating a situation that would have remainder otherwise civil and peaceful. Officer Bader abused his police authority by exercising improper police tactics by means of excessive force upon a minor child, Hayz Hext, and in his assistance of the false arrest of Bradley Hext. Officer Bader is liable for his unconstitutional actions.

(E) **Jeremy Brady**, a person of full age of majority and a resident of Louisiana, in his individual and official capacity as a Peace officer for the DeQuincy Police Department. Officer Brady entered the dwelling of the Hexts' without probable cause or permission, while creating and escalating a situation that would have remainder otherwise civil and peaceful. Officer Brady abused his police authority by exercising improper police tactics by assisting in the false arrest of Bradley Hext. Officer Brady is liable for his unconstitutional actions.

(F) **ABC Insurance Company** is a domestic or foreign insurance corporation authorized to do and doing business in the State of Louisiana, which, upon information and belief, at all times mentioned herein provided defendants City and/or Chief Whitehead (on behalf of DPD) with a policy of liability insurance for the acts complained of herein. Plaintiffs are unaware of the true name of this Defendant and therefore sues by a fictitious name. Plaintiff will amend this Complaint to allege Defendant's true name when ascertained and intends to seek immediate discovery from the Defendants to determine the identity of ABC Insurance Company.

**FACTUAL ALLEGATIONS**

5.

On or about August 31, 2020, the Hext family returned to their home in DeQuincy, Louisiana after assisting Shalace Hext's father and neighbors with clean-up efforts as a result of the horrendous damage inflicted upon residents by Hurricane Laura three days prior.

6.

Upon return to their home, Bradley and Shalace Hext began gathering and burning leaves within their fenced-in backyard.

7.

Two uniformed police officers, Kayal and Bader, arrived at the Hext residence and immediately began a verbal tirade upon Bradley Hext regarding the fire in the Hext's backyard.

8.

Officer Kayal continued in an unprofessional manner toward Mr. Hext with statements of intimidation and threatening physical action to "fight."

9.

Mr. Hext refused the invitation to fight, and simply tried to understand the basis for this entire event.

10.

While Mr. Hext attempted to communicate and understand the officers' position on controlled fire, Mrs. Hext extinguished the fire.

11.

Around that time, one of the officers had two fire trucks arrive to the residence for the leaf-burning fire. Upon hearing the sirens, Mr. Hext tried to explain to the officers that fire trucks were simply not necessary.

12.

Officers Bader ordered that Mr. Hext was under arrest, and Kayal and Bader charged Mr, Hext in an attempt to tackle him or effect a take-down maneuver although there was no physical action created or instigated by Mr. Hext that required such a maneuver.

13.

During this intense and escalated situation, Ms. Hext tried to explain to the officers that the fire was out, but they did not listen.

14.

Officer Kayal threatened to send Mr. Hext to jail despite there being no reasonable basis or probably cause for an arrest.

15.

Due to the noise and violent tones of the officers, the Hexts' children, including Hayz Hext, came outside to see what was happening. The traumatic event of aggressive police officers forcibly yelling and physically exerting force upon their father scared the children to tears.

16.

At or about the same time, Officer Bader effected a take-down maneuver of the Hext's minor child, Hayz Hext, who had come out to see what was causing all the commotion. Officer Bader slammed the minor child onto the concrete floor, causing physical injury to the child's body, including but not limited to his right knee.

17.

Upon seeing his minor child thrown to the ground and amidst the crying and yelling, Mr. Hext raised his hands into the air and verbally submitted himself to the officers in an effort to deescalate the highly intense situation created by the officers in an effort to end the horrifying situation for his children.

18.

In response to the voluntary submission by Mr. Hext, Officer Kayal fired his uniform patrol-distributed TASER device, which made contact with and penetrated the skin of Mr. Hext.

19.

Approximately 50,000 volts of electricity were disbursed throughout Mr. Hext's body by Officer Kayal's TASER device.

20.

Officer Bader told the minor child to be still or else he would deploy his TASER device on the child. But rather than reaching for his TASER device, Officer Bader instead reached for his pistol.

21.

Upon observing Officer Bader reach for his pistol, Mrs. Hext became afraid for her child's life.

22.

It was at this point in time that two fire trucks arrived, and despite the fire already being extinguished, members of the fire department delivered a fire hose to the backyard and sprayed the extinguished fire area with more water.

23.

Mr. Hext was handcuffed by Officers Kayal and Brady, placed under arrest, and delivered to jail on the charge of resisting an officer.

24.

The Hext family was able to bond Mr. Hext out of jail for the unfounded arrest charge, but the criminal charge remained active for nearly three months and the local news even publicized Mr. Hext's arrest, which further humiliated the family.

25.

The same night as the arrest, Mrs. Hext brought her minor child to West Calcasieu Cameron Hospital Emergency Room for his injuries caused by Officer Bader's take-done maneuver.

26.

Based upon information and belief, Officer Kayal was fired from the DeQuincy Police Department for his gross breaches of police duty against the Hext family.

27.

A few months later, the criminal charge against Mr. Hext for resisting an officer was formally dismissed and the Court date of November 16, 2020 was canceled.

28.

However, the local news did not publicize that the charge was dropped.

29.

The events of Mr. Hext's arrest and the officers' unprofessional and violent behavior remain with the Hexts, especially their children, who are now afraid of police officers.

30.

Mr. Hext received medical treatment for numbness and tingling from being tased, and shoulder pain from the physical altercation.

31.

The Hext family moved from Calcasieu Parish to Beauregard Parish in December 2020.

## CAUSES OF ACTION

32.

**COUNT I – 42 U.S.C. § 1983 Violation based on *Monell* policy, practice, or pattern of inadequate training, supervision, and oversight of its police officers.**

The defendants named herein, acting individually and together, under color of law, violated Plaintiffs' right to be free from intimidation, abuse of power, unlawful detention, unlawful arrest, excessive force and the right to due process and equal protection of the laws as protected by the Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. City and Chief Whitehead did so by failing to train, supervise, and oversee Officers Kayal, Bader, and Brady during their routine patrol efforts in the community spanning multiple occasions where Officers Kayal, Bader, and/or Brady committed other acts of unlawful behavior during their employment with DPD and within their scope of work as a police officer. Plaintiffs were individually harmed by the insufficiency of the police training provided to Officers Kayal, Bader, and Brady, and the failure to supervise the perform of their duties on behalf of DPD because those failures resulted in the tragic and traumatic events suffered by Plaintiffs as described herein.

33.

At all pertinent times, the defendants named in this Count, individually and collectively, acted unreasonably, recklessly, and with deliberate indifference and disregard for the safety, constitutional, and civil rights of Plaintiffs by failing to provide appropriate police training, supervision, and oversight.

34.

**COUNT II – 42 U.S.C. § 1983 Violation based on failure to train and supervise its police officers to ensure proper police practices for safety and wellbeing of citizens.**

Defendants City and Chief Whitehead, in his individual and official capacity, failed to supervise their subordinates, namely Officers Kayal, Bader, and Brady, to ensure that these subordinates did not abuse their authority to unlawfully threaten, intimidate, or harm members of the public, including the Hext family. Plaintiffs were directly harmed by this failure to supervise because it caused physical, mental, and emotional harm to Plaintiffs, along with the false detention of a minor child and false arrest of the minor child's father. At all pertinent times herein, Defendants City and Chief Whitehead were aware of the need to supervise their subordinates in order to ensure that they did not violate such individual's rights. These defendants ignored that need and acted unreasonably and with deliberate indifference and disregard for the safety of Plaintiffs, as described above.

35.

**COUNT III – 42 U.S.C. § 1983 Violation based on deliberate indifference to Mr. Hext's and Hayz Hext's Constitutional right to freedom from seizure, excessive force, unlawful detention, and false arrest by Officers Kayal, Bader, and Brady.**

10

The above-named defendants, acting individually and together, and under color of law, engaged in a course of conduct and conspired to engage in a course of conduct that acted to deprive Mr. Hext and the minor child of their constitutional rights and deprived them of said rights, specifically, the right to be free from unreasonable seizure and excessive use of force, unlawful detention, false arrest, and the right to due process and equal protection of the laws as protected by Fourth and Fourteenth Amendments and Article IV (Privileges and Immunities Clause) of the United States Constitution and 42 U.S.C. § 1983. At all times pertinent herein, these defendants, acting individually and collectively, acted unreasonably, recklessly, maliciously, and/or with deliberate indifference and disregard for the constitutional and civil rights of Plaintiffs. Furthermore, these defendants, individually and collectively, had the duty and ability to intervene to prevent the violations of the rights of Mr. Hext and the minor child, as described herein, but failed to do so.

36.

**COUNT IV – State Claim of Negligent and/or Intentional Conduct resulting in injury and emotional distress.**

The above-named defendants, acting individually and together, and under color of law, engaged in a course of conduct and conspired to engage in a course of conduct that caused injury and harm to Plaintiffs and ultimately led to severe physical, mental, and emotional injury, unlawful seizure, unlawful detention, excessive use of force, and false arrest. At all times pertinent herein, these defendants, individually and collectively, acted intentionally, maliciously, recklessly, and/or negligently towards Plaintiffs and their welfare. The officers' actions constituted a gross deviation or breach from their duty as police officers, and such behavior violated all appropriate law enforcement protocol and procedure. Each of the Defendant's

actions and inactions impute liability upon them pursuant to La. C.C. art. 2315, 2316, and 2317. Furthermore, Defendants, individually and collectively, had the duty and ability to intervene to prevent the tortious conduct of co-defendants toward Plaintiffs, as described herein, but failed to do so during the events made the subject herein. They are therefore liable to Plaintiffs, as described herein.

37.

**COUNT V – State Claims of *Respondeat Superior* Liability and Vicarious Liability of City and Chief Whitehead.**

At all relevant times, the individually named defendants were acting in the course and scope of their employment with defendants City and Chief Whitehead are therefore liable under the doctrine of *respondeat superior* and La. C.C. art. 2320 for the actions and inactions of the individual defendants, as described herein.

38.

**COUNT V – Loss of Consortium against all Defendants.**

All Defendants are liable to Bradley Hext, Shalace Hext, personally and on behalf of their minor child, Hayz Hext, pursuant to La. C.C. 2315(B) and 42 U.S.C. § 1983. Ms. Hext seeks relief under La. C.C. art. 2315(b) for loss of service, society, support, love and affection arising out of the injuries to her husband occasioned by the acts and/or omissions of the Defendants herein.

39.

**COUNT VI – State Claim of Direct Action Against an Insurer, Pursuant to La. R.S. § 22:1269.**

At all applicable times, defendant, ABC Insurance Company, afforded liability

insurance coverage to defendants City, Chief Whitehead, and/or any other defendant. Accordingly, ABC Insurance Company is liable to the plaintiffs for the intentional and/or negligent acts of the other defendants.

## INJURIES

40.

As a result of the actions of Defendants as described above, damages have been incurred as follows:

A. Bradley Hext suffered conscious and severe physical, mental, and emotional distress, pain and suffering, false imprisonment, and humiliation.

B. Shalace Hext suffered conscious and severe mental and emotional distress, pain and suffering, and humiliation.

C. Bradley Hext, on behalf of the minor child, Hayz Hext, who is the son of Bradley and Shalace Hext, suffered conscious and severe physical, mental, and emotional distress, pain and suffering, false detainment, and humiliation, past, present, and future.

## TRIAL BY JURY

41.

Plaintiffs respectfully pray for a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that after due proceedings there be judgment rendered herein in Plaintiffs' favor and against all defendants individually and jointly, as follows:

1. Compensatory and punitive damages as prayed for herein;

2. Reasonable attorneys' fees, as provided in 42 U.S.C. § 1988, 42 U.S.C. § 12205, and 29 U.S.C. § 794(b) and all costs of these proceedings and legal interest;

3. Punitive damages pursuant to 42 U.S.C. § 1983 and any other applicable statute;

4. Relief under La. C.C. arts. 2315 and 2321 from the intentional and/or negligent acts and/or omissions of the Defendants herein; and

5. All other relief as appears just and proper to this Honorable Court.

**RESPECTFULLY SUBMITTED:**

**BY:**   **/s/ A. Gregory Rome**
**A. Gregory Rome (#21062), T.A.**
201 Napoleon Street
Baton Rouge, LA 70802
Telephone: (225) 248-1234
Email: greg.rome@romelawbr.com

**Michael P. Schillage (#35554)**
8560 Anselmo Lane
Baton Rouge, Louisiana 70810
Telephone: (225) 490-0023
E-mail: Michael.schillage@tabarylaw.com
*Attorneys for Bradley Hext,* Shalace *Hext, personally and on behalf of their minor child, Hayz Hext*