UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BRADLEY HEXT ET AL**                         **CASE NO. 2:21-CV-03093**

**VERSUS**                                     **JUDGE JAMES D. CAIN, JR.**

**CITY OF DEQUINCY ET AL**                     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 8] filed under Federal Rule of Civil Procedure 12(b)(6) by defendants the City of DeQuincy, Casey Whitehead, Sam Kayal, Loy Bader, and Jeromy Brady, in response to the civil rights suit brought under 42 U.S.C. § 1983 by Bradley and Shalace Hext, on behalf of themselves and their minor child H.H. Plaintiffs oppose the motion. Doc. 11.

### I.
### BACKGROUND

This suit arises from an encounter between officers of the DeQuincy Police Department and plaintiffs on August 31, 2020. Plaintiffs allege as follows: Bradley and Shalace Hext were gathering and burning leaves in their fenced-in backyard, when two uniformed officers of the DeQuincy Police Department (later identified as Sam Kayal and Loy Bader) drove up to the residence "and immediately began a verbal tirade upon Bradley Hext regarding the fire[.]" Doc. 1, p. 5. Officer Kayal continued to harangue Mr. Hext, threatening to fight him, while Mr. Hext demurred and Mrs. Hext extinguished the fire. *Id.* The officers called for fire trucks, though Mr. Hext asserted that they were not needed. *Id.*

at 6. Officer Bader told Mr. Hext that he was under arrest and the officers executed a physical take-down maneuver, even as Mrs. Hext explained that the fire was already out and Mr. Hext was not resisting. *Id.*

The noise drew the Hext children, including H.H., outside. *Id.* Officer Bader also executed a take-down maneuver on H.H., causing the boy to injure his knee. *Id.* at 6–7. After seeing what had happened to his son, Mr. Hext raised his hand in voluntary submission in an effort to deescalate the situation. *Id.* at 7. Nonetheless, Officer Bader tased Mr. Hext and told H.H. he would also be tased if he would not be still. *Id.* When Officer Bader said this, he placed his hand on his pistol instead of his taser, causing Mrs. Hext to fear for her son's life. *Id.*

Mr. Hext was arrested by Officer Bader and Officer Jeromy Brady on a charge of resisting an officer. *Id.* at 8. He was able to bond out, but the criminal charge was not dismissed for another three months and the arrest (but not the dismissal) was reported in the local news. *Id.* Mrs. Hext took H.H. to the emergency room the night of the incident, where he was treated for his injuries. *Id.* Mr. Hext has also received medical treatment for numbness, tingling, and shoulder pain following the tasing. *Id.*

Plaintiffs filed suit in this court, raising claims of excessive force, false arrest, municipal liability, and failure to train/supervise under 42 U.S.C. § 1983, in addition to state law tort claims, against Officers Bader, Brady, and Kayal, DeQuincy Police Chief Casey Whitehead, and the City of DeQuincy. *Id.* at 9–13. Defendants now move to dismiss certain claims under Federal Rule of Civil Procedure 12(b)(6), asserting that: (1) plaintiffs fail to allege a basis for municipal liability for their § 1983 claims, (2) plaintiffs fail to state

a claim against Whitehead under § 1983 or state law, and (3) the claims against the officers in their official capacities should be dismissed as duplicative of the claims against the city. Doc. 8. Plaintiffs oppose the motion. Doc. 11. They also request leave to amend their complaint and amend any claim the court finds deficient.

## II.
## LAW & APPLICATION

### A. Legal Standards

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

#### 1. Municipal liability

The Supreme Court set forth the elements of municipal liability under § 1983 in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). A successful claim requires proof of the following: a policymaker, an official policy, and a constitutional violation whose "moving force" is the policy or custom. *Id.* at 694. Because municipal liability cannot be predicated on a theory of *respondeat superior*, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur [and] isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Failure to train provides a basis for municipal liability when the plaintiff can show: (1) the city failed to train or supervise the officers involved, (2) there is a causal connection between the alleged failure and the alleged violation of plaintiff's rights, and (3) the failure constituted deliberate indifferent to plaintiff's civil rights. *Pena v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018). Because the standard for municipal fault is a "stringent one," plaintiff usually must allege "a pattern of similar violations by untrained employees" in order to demonstrate deliberate indifference. *Id.*

Plaintiffs allege that the city and Chief Whitehead are liable under § 1983 for "failing to train, supervise, and oversee Officers Kayal, Bader, and Brady during their routine patrol efforts in the community spanning multiple occasions where Officers Kayal, Bader, and/or Brady committed other acts of unlawful behavior during their employment with DPD and within their scope of work as a police officer." Doc. 1, ¶ 32. They fail to

allege what the specific gap in supervision or training is, however. "In failure to train cases, defects in a particular training program must be specifically alleged." *Hutcheson v. Dallas Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (cleaned up; internal quotations omitted). Accordingly, the court cannot evaluate the sufficiency of this claim under the first element. Additionally, plaintiffs' cursory allegation that some or all of the officers involved had committed "other acts of unlawful behavior" during their employment with the DeQuincy Police Department is insufficient to show the pattern required to demonstrate deliberate indifference. The court lacks context on the number and nature of these incidents, and whether they could also be linked to the alleged deficiencies in training and/or supervision. Accordingly, the claims of municipal liability against the City of DeQuincy will be dismissed, without prejudice to plaintiffs' right to amend.

    **2. Claims against Whitehead**

As with a *Monell* liability claim based on failure to train, a claim for supervisory liability against an individual under § 1983 requires showing that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (internal quotations omitted). Plaintiffs' allegations against Whitehead in this regard are identical to his claims against the city. Accordingly, for the reasons stated above, they are deficient and the claim will be dismissed without prejudice to plaintiffs' right to amend.

As for the state law claims, plaintiffs allege that Whitehead's failure to train or supervise the officers was either negligent or intentional under Louisiana law. Doc. 1, ¶ 33. As defendants note, Whitehead is not the officers' employer and cannot be held liable on a theory of vicarious liability. The complaint also provides no facts from which the court could determine whether his actions rose to the level of negligence or an intentional tort. This claim will likewise be dismissed, with leave to amend.

### 3. Official capacity claims

Finally, defendants move to dismiss the official capacity complaints against the officers under § 1983 on the grounds that they are duplicative of the claims against the City of Dequincy. A § 1983 claim against a person in his individual capacity involves personal liability of the individual defendant, while an official capacity claim implicates the liability of his employer and requires showing that a policy, practice, or custom of the municipality was the "moving force" behind the constitutional violation. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Accordingly, a § 1983 claim against an officer in his official capacity is regarded as a claim against the government entity that employs him. *Burge v. Par. of St. Tammany*, 187 F.3d 452, 468 (5th Cir. 1999). The officer defendants have been named in both their official and individual capacities. Doc. 1. Because the City of DeQuincy has already been named as a defendant in this suit, there is no justification for maintaining the official capacity claims against the officers. This defect cannot be cured by amendment, and the claims will be dismissed with prejudice.

## III.
### CONCLUSION

For the reasons stated above, the defendants' Motion to Dismiss [doc. 8] will be **GRANTED**. Claims against the City of DeQuincy and Chief Casey Whitehead will be dismissed without prejudice to plaintiffs' right to amend this suit within 14 days, while claims against the officers in their official capacities will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 21st day of March, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE